UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA L. MAHON,

    Plaintiff,

v.                                                                                                                 Case No: 8:16-cv-1462-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act ("Motion"). (Dkt. 20.) Defendant does not oppose the relief requested by Plaintiff. (Dkt. 24.) For the reasons that follow, the Motion is granted.

## BACKGROUND

On June 7, 2016, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) The Court entered an Order reversing in part the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 18.) Judgment was entered in Plaintiff's favor and the case was closed on August 7, 2017. (Dkt. 19.) Consequently, Plaintiff filed the Motion on November 6, 2017, as the prevailing party in this action. (Dkt. 20.) In her Motion, Plaintiff seeks attorney's fees for 37.5 hours of work performed in 2016 and 2017 by attorney Erik Berger. (Dkt. 20, Ex. 1.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc.*

*Sec. Admin.*, 569 Fed. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 Fed. App'x at 834 (internal quotation and citation omitted).

**ANALYSIS**

Upon consideration of the Motion and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff's Motion, which was filed on November 6, 2017, was timely filed within thirty days of the final judgment of this action. This case was remanded upon order of this Court and judgment

was entered in Plaintiff's favor on August 7, 2017. (Dkts. 18, 19.) Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party has sixty days to file an appeal. Therefore, the judgment became final on October 7, 2017, and the Motion was filed prior to the expiration of the thirty-day deadline. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334, at *1 (M.D. Fla. Nov. 30, 2015). Additionally, the Commissioner does not dispute the timeliness of the Motion. Third, the Motion asserts that Plaintiff is not excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. (Dkt. 20 ¶ 5.) Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In the Motion, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $193.38. (Dkt. 20 at 3.) The Court finds that Plaintiff is entitled to the requested rate, and the Commissioner does not oppose Plaintiff's request. In total, Plaintiff seeks $7,251.75 in fees for 37.5 hours of attorney time expended in litigating this case, which is represented in Mr. Berger's itemization of the hours he expended and the activities he performed. (Dkt. 20, Ex. 1.) The Commissioner does not oppose the fees requested. As such, the Court finds that 37.5 hours is reasonable and that $7,251.75 is a reasonable fee in this case.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526

F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to her attorney. (Dkt. 20-1.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff. Accordingly, it is

    **ORDERED**:

1. Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Dkt. 20) is **GRANTED**.

2. Plaintiff is awarded $7,251.75 in fees, payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

    **DONE** and **ORDERED** in Tampa, Florida, on December 4, 2017.

                                    JULIE S. SNEED
                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record